1

2

3

4                            UNITED STATES DISTRICT COURT

5                           NORTHERN DISTRICT OF CALIFORNIA

6

7    ABDULLAH HAMID THOMAS ANGEL            Case No.  22-cv-03152-JD
     SALAS,
8                   Plaintiff,
                                            **ORDER RE SERVICE**
9          v.

10   SANTA CLARA COUNTY OFFICE OF
     THE SHERIFF, et al.,
11
                    Defendants.
12

13          Plaintiff, a pretrial detainee, proceeds with a pro se civil rights complaint under 42 U.S.C.

14   § 1983.  The Court screened the original complaint and found that plaintiff stated a claim against

15   two defendants but dismissed the remaining claims and defendants with leave to amend.  Plaintiff

16   has not filed an amended complaint or otherwise communicated with the Court.  The case

17   continues against Deputy Smith and Dr. Trivedi as discussed in the prior order.

18          The Court orders:

19          1.      The case will go forward against Deputy Smith and Dr. Trivedi.  The Clerk will

20   issue a summons and the United States Marshal will serve, without prepayment of fees, copies of

21   the original complaint (Dkt. No. 1) with attachments and copies of this order on Deputy Smith and

22   Dr. Trivedi at the Santa Clara County Jail[1].  The remaining claims and defendants are dismissed

23   from this action for the reasons stated in the prior order.

24          2.      In order to expedite the resolution of this case, the Court orders as follows:

25                  a.      No later than sixty days from the date of service, defendants will file a

26   motion for summary judgment or other dispositive motion.  The motion will be supported by

27   _____

28   [1] Plaintiff does not provide a first name for Deputy Smith, but this defendant was involved in the
     incident which occurred on May 5-6, 2021, at the jail.

United States District Court
Northern District of California

1   adequate factual documentation and shall conform in all respects to Federal Rule of Civil

2   Procedure 56, and will include as exhibits all records and incident reports stemming from the

3   events at issue.  If defendant is of the opinion that this case cannot be resolved by summary

4   judgment, he will so inform the Court prior to the date his summary judgment motion is due.  All

5   papers filed with the Court will be promptly served on the plaintiff.

6                b.      At the time the dispositive motion is served, defendants will also serve, on a

7   separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-

8   954 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).

9   *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be

10  given at the time motion for summary judgment or motion to dismiss for nonexhaustion is filed,

11  not earlier); *Rand* at 960 (separate paper requirement).

12               c.      Plaintiff's opposition to the dispositive motion, if any, will be filed with the

13  Court and served upon defendants no later than thirty days from the date the motion was served

14  upon him.  Plaintiff must read the attached page headed "NOTICE -- WARNING," which is

15  provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc),

16  and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

17          If defendants file a motion for summary judgment claiming that plaintiff failed to exhaust

18  his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take

19  note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided

20  to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).

21               d.      If defendants wish to file a reply brief, they shall do so no later than fifteen

22  days after the opposition is served upon him.

23               e.      The motion shall be deemed submitted as of the date the reply brief is due.

24  No hearing will be held on the motion unless the Court so orders at a later date.

25          3.      All communications by plaintiff with the Court must be served on defendants, or

26  defendant's counsel once counsel has been designated, by mailing a true copy of the document to

27  defendants or defendants' counsel.

28

4.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

5.     It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He also must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: September 13, 2022

_____
JAMES DONATO
United States District Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file a motion for summary judgment for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion for summary judgment for failure to exhaust and it is granted, your case will be dismissed and there will be no trial.

United States District Court
Northern District of California